IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10122
Conference Calendar
_____

RICARDO JERNIGAN,

Plaintiff-Appellant,

versus

TDCJ, Medical Staff 80
John Wallace Unit Administrative
Nursing Staff,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:94-CV-184-C
- - - - - - - - - -
(March 22, 1995)

Before GARWOOD, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Ricardo Jernigan appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint. The Eighth Amendment's prohibition against "cruel and unusual punishment" protects Jernigan from improper medical care only if the care is "sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Unsuccessful medical treatment, acts of negligence, neglect, or medical malpractice are insufficient to give rise to

_____

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

a cause of action under § 1983. <u>Varnado v. Lynaugh</u>, 920 F.2d 320, 321 (5th Cir. 1991). Nor is a prisoner's disagreement with his medical treatment sufficient to state a claim under § 1983. <u>Id</u>.

The district court properly characterized Jernigan's contentions as amounting to disagreement and dissatisfaction with his medical treatment and not deliberate indifference to his serious medical needs. Under the facts alleged in his complaint, Jernigan has received continuous treatment for his injured knee from doctors and other members of the John Wallace medical staff. Deficiencies in that treatment, if any, certainly do not rise to the level of establishing deliberate indifference by prison officials. Jernigan himself refers in his brief to the defendants' "negligence." At its core, his claim is simply that he has not received the medical treatment he believes he was entitled to receive.

Nothing in Jernigan's brief indicates that a hearing or a questionnaire would have developed a viable claim. Thus, the dismissal, under 28 U.S.C. § 1915(d), on the basis of the facts contained in Jernigan's complaint did not constitute an abuse of discretion. <u>Eason v. Thaler</u>, 14 F.3d 8, 9 (5th Cir. 1994).

Jernigan's motions to supplement the record with medical records, grievance forms, sick requests, officers' statements, letters seeking assistance from sources outside of prison, and his original brief are DENIED. See <u>United States v. Flores</u>, 887 F.2d 543, 546 (5th Cir. 1989).

AFFIRMED.